UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff(s), | ) | No. CR 3-10-70268 BZ |
| v. | ) | |
| MARVEL HARRIS, | ) | **ORDER OF DETENTION PENDING TRIAL** |
| Defendant(s). | ) | |

This matter came before the Court on April 15, 2010 for a detention hearing. The defendant, Marvel Harris, was present and represented by Assistant Federal Public Defender Jodi Linker. Assistant United States Attorney Christine Wong appeared for the government.

Having considered the parties' proffers, and the Pretrial Services report which recommends detention, I find that the government has met its burden of showing that the defendant is a risk of flight and a danger to the community, and that no conditions of release will reasonably assure his appearance or the safety of the community. In so finding, I have considered the following factors:

1

1. Given the charges that the defendant faces, violations of 21 U.S.C. 841(a)(1) and 841(b)(1)(B), it is presumed, subject to rebuttal, that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See 18 §§ U.S.C. 3142(e), (g)(1). Defendant has not met his burden of dispelling this presumption.

2. The defendant faces a maximum sentence of up to forty years imprisonment and a mandatory minimum of five years. This sentence is of a different order of magnitude than those the defendant received in state court, and gives him an incentive to flee.

3. The defendant's record contains several past failures to appear and bench warrants, and he does not have stable employment. These facts also indicate a risk of flight.

4. According to the government's proffer, the defendant has used aliases and has two driver's licenses bearing different names, indicating a willingness to evade law enforcement.

5. The defendant has a criminal history that includes dozens of arrests, numerous misdemeanor convictions, three felony convictions and several parole violations. Several of these are related to drugs and crimes of violence, including carjackings and domestic violence.

6. The defendant appears to have been on supervised or unsupervised probation for most of his adult life, and many of his arrests and convictions occurred while he was under supervision. While the Court is aware that defendant recently

1  completed a year long domestic violence program, it cannot
2  ignore the fact that he was also convicted of a theft
3  misdemeanor and a narcotics felony while on probation during
4  this same period.  These facts suggest that he is not amenable
5  to supervision.
6       8.  The criminal complaint avers that in June, 2009, the
7  defendant gave an informant a telephone number to call in
8  order to purchase firearms or narcotics.  In combination with
9  the defendant's 2009 narcotics conviction, it appears that
10 defendant is still involved in the dangerous mix of drugs,
11 violence and firearms that Congress was particularly concerned
12 with in passing the Bail Reform Act of 1984.
13      9.  I am unconvinced that the release proposal presented
14 by the defendant would assure his appearance or the safety of
15 the community.  The only surety willing to sign an unsecured
16 bond, defendant's girlfriend, has not been vetted by Pretrial
17 Services.  Given his offense history and failure to refrain
18 from illegal activity while under supervision, I have no
19 confidence that defendant would obey an order imposing
20 conditions of release.
21      10.  I find that the government has met its burden of
22 showing by a preponderous of the evidence that defendant is a
23 flight risk and that the proposed conditions of release will
24 not reasonably assure his appearance, and of showing by clear
25 and convincing evidence that the defendant is a danger to the
26 community, and that no conditions of release will reasonably
27 assure the safety of the community.
28      Based on the foregoing, the government's motion for

detention is **GRANTED.  IT IS HEREBY ORDERED** that:

1. The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel;

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver defendants to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 15, 2010

                                        Bernard Zimmerman
                           United States Magistrate Judge

G:\BZALL\CRIMINAL\ORDERS\DETENTIO\2010\HARRIS DETENTION ORDER.wpd

4